IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO BELLO,

        Petitioner,                  No. CIV S-09-2218 MCE EFB P

    vs.

JOHN W. HAVILAND,

        Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at a parole consideration hearing held on October 18, 2007. He claims that the Board's decision finding him unsuitable for parole violated his right to due process.

      As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___, No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was

1

denied. *Id.* at \*\*2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979). For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied.

**I.  Procedural Background**

Petitioner is confined pursuant to a 1993 judgment of conviction entered against him in the Fresno County Superior Court following his conviction on charges of attempted murder with a handgun. Pet. at 1.[1] Pursuant to that conviction, he was sentenced to seven years to life in state prison. *Id.*

The parole consideration hearing at issue was held on October 18, 2007. *Id.* at 31. Petitioner appeared at and participated in the hearing. *Id.* at 33-85. Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for two years and the reasons for that decision. *Id.* at 86-93.

Petitioner challenged the Board's 2007 decision in a petition for a writ of habeas corpus filed in the Fresno County Superior Court. Answer, Ex. 1. The Superior Court denied that petition in a decision on the merits of petitioner's claims. *Id.*, Ex. 2. Petitioner subsequently challenged the Board's 2007 decision in petitions for writ of habeas corpus filed in the California Court of Appeal and the California Supreme Court. *Id.*, Exs. 3, 5. Those petitions were summarily denied. *Id.*, Exs. 4, 6.

**II.  Petitioner's Claim**

Petitioner claims that the Board's 2007 decision finding him unsuitable for parole violated his right to due process because it was not supported by "some evidence" that he posed a current danger to society if released. Pet. at 4. He argues that the Board improperly relied on

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

the unchanging factor of his commitment offense to deny him a parole date. *Id.* at 5. Petitioner further claims that the appropriate standard of review of a state parole decision should be preponderance of the evidence and not the "some evidence" standard. *Id.* at 9-10.[2]

**III. Analysis**

The due process clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the due process clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the due process clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen,* 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen,* 454 U.S. 14, 17-21 (1981); *Greenholtz,* 442 U.S. at 7 (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v.*

---

[2] Petitioner also claims that his plea agreement was violated when a Deputy District Attorney attended the suitability hearing and opposed his release on parole. Pet. at 5. He does not elaborate on this claim in either the petition or the traverse, and he has not identified any supporting documentation. The claim is therefore vague and conclusory and should be denied on that basis. *Jones v. Gomez,* 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg,* 24 F.3d 20, 26 (9th Cir. 1994)). In addition, in both the petition and traverse petitioner contends that the Board failed to comply with state laws and regulations when it found him unsuitable for parole at the 2007 hearing. Petitioner's arguments that the state court has erred in applying state law are not cognizable in this federal habeas corpus proceeding. *See Rivera v. Illinois,* ___ U.S. ___, 129 S.Ct. 1446, 1454 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac,* 456 U.S. 107, 121, n. 21 (1982) and *Estelle v. McGuire,* 502 U.S. 62, 67, 72-73 (1991)). Accordingly, these claims should be denied as well.

*Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc).  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  *Greenholtz*, 442 U.S. at 12).  *See also Allen*, 482 U.S. at 376-78;

    California's parole scheme[3] gives rise to a liberty interest in parole protected by the federal due process clause.  *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam).   However, the United States Supreme Court has held that correct application of California's "some evidence" standard is not required by the federal due process clause.  *Swarthout*, 2011 WL 197627, at *2.  Rather, this court's review is limited to the narrow question whether the petitioner has received adequate process for seeking parole.  *Id.* at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly.").  Adequate process is provided when the inmate is allowed a meaningful opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

    Here, the record reflects that petitioner was present at the 2007 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole.  Pursuant to *Swarthout*, this is all that due process requires.  Accordingly, petitioner is not entitled to relief on his due process claim.

////

////

---

[3] In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

4

**IV. Request for Evidentiary Hearing**

Petitioner requests an evidentiary hearing on his claims.

Pursuant to 28 U.S.C. § 2254(e)(2), an evidentiary hearing is appropriate under the following circumstances:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). *See also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." *Earp*, 431 F.3d at 1167 (citing *Insyxiengmay*, 403 F.3d at 670, *Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2004) and *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).

The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the due process claim raised in

the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Therefore, petitioner's request for an evidentiary hearing should be denied.

**V. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for an evidentiary hearing be denied;

2. Petitioner's application for a writ of habeas corpus be denied; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE